Alright, clerk may call the first case. Case number 21-5414, USA v. Randy Belcher. Ms. Rust, you may proceed for the appellant. Good morning. Good morning. May it please the court, I'm Erin Rust, I'm here for the appellant, Mr. Randy Belcher. I would ask to reserve three minutes for rebuttal. Very well. At least three circuits have now held that a conviction for committing an act that placed another in reasonable apprehension of immediately receiving a violent injury is not a violent felony under the force clause because it lacks the requirement that the defendant, knowing or intentionally, threaten. As the 11th Circuit explained in United States v. Moss, this type of standard, all that is required is that the assailant intends to commit the act which in fact places another in reasonable apprehension of injury, but it does not require the specific intent to cause such apprehension. The 11th Circuit in Summers specifically held that both Justice Thomas and his concurrence in Borden and the plurality agreed that the use of force clause requires more than just general intent in the sense of a mere volitional act, and the court held that a recklessly or negligently made threat does not qualify, that it does not reach the Borden standard. This is because the phrase against another when modifying use of force as used in the Arms Career Criminal Act demands that the perpetrator direct his action at or target another individual, and reckless or negligent conduct is not aimed in that prescribed manner, and this included negligent or reckless conduct that was, that a reasonable person would interpret as threatening. But why doesn't the Tennessee statute satisfy, I mean assume you're right, it has to be intentional, why doesn't the Tennessee statute and the way their courts have interpreted satisfy that? Tennessee has repeatedly held that the fear element in Tennessee robbery by fear is met when the jury, so the jury's task is to determine from all of the evidence whether the victim was placed in fear by the conduct of a defendant or should have been under the circumstances. And that's, I mean that's a passive tense formulation that sort of elides the question of a mens rea for the defendant in those cases, is that fair? Tennessee has never required a jury to find that the defendant intended or knowingly threatened conduct. When Tennessee looks at the element of fear, they use an objective standard and they call it mostly subjective based on the victim's beliefs and how the victim felt. It has never... Yeah, I mean on that part, I saw that, I wonder, I mean that seems contradictory, you know, I mean like the reasonable person test is objective, it's not subjective about what somebody's actually feeling, so like which is it under Tennessee law? Tennessee has language going both directions, but it goes no further than an objective standard. So the broadest it gets is by looking at whether or not a reasonable person under the circumstances would have feared imminent bodily injury. It never flips over to the subjective intent of the defendant. Did the defendant knowingly or intentionally make a threat? But what about the language, I think it's in Sloan and maybe the other cases that talk about the intent or the purpose was to intimidate or put somebody in fear, and then you measure the fear using the victim, but it seems to me that those cases were saying, I mean I guess we can debate whether it was a holding or not or whether it was actually at issue in the case, but it does say purpose, I mean you know the language I'm talking about, right? Yes, absolutely, your honor, and the Sloan case there was a very clear threat that was So when Sloan is talking about the defendant's intent to instill fear, that's based on the facts of that case. Now the Witherspoon case, which does not have a plain direct threat that is made to the victim, that imports the same language that discusses intentionality and talks about the required to constitute fear. Help me understand that in Witherspoon's context. That was a decision from the state court bench when our own Judge Daughtry sat on that, and the language that I'd really like to understand your take on is the statement that the record tends to indicate not only that defendant's intention was to intimidate and frighten the defendant's meek compliance, but also that he succeeded in that purpose whether or not the victim realized it and whether or not she was able to articulate it at trial. That's a pretty broad statement. How do you make that work under your argument? Your honor, because that is not the holding of the court in Tennessee, it is not what that fear occurred. What the case is holding is that the victim's fear was reasonable under the circumstances. It talks about how the controlling consideration in the state is the state of the victim's mind at the time of submission or compliance with the robber's demands. That submission can be caused by unintentional or unknowing actions of the defendant. You don't think that it matters here that the tie in the statement, what seems to me to be the holding, is that the defendant's intention was, and then in quoted, to intimidate and frighten the victim into docile non-resistance and meek compliance, which is the standard, isn't it? Even if the court in Witherspoon concluded that there was sufficient evidence of intent, that's not what the jury is ever required to find as an element. The jury, when determining whether or not fear existed, whether or not it was robbery by fear, the jury looks only to whether or not the victim reasonably felt frightened. Can you get that from Witherspoon? Where is that coming from? We have what Judge Stranch just read, which seems pretty straightforward. Where is this counter point coming from? If Tennessee required an intentional threat, we would see cases where defendants are arguing that they had no intent. The lack of cases where defendants are raising this, and Witherspoon is a perfect example, the defense of, I didn't intend to threaten this woman, is a much easier defense to make out in the context of Witherspoon, but no defendant has made that claim because it is plain that the defendant's intent is not an element that is required for the jury to find. It's hard. It's a difficult thing for us to divine this by these inferences and forensics. We don't have a case that says plainly. I understand you make the argument that Witherspoon is a negligence case, but if we set that to one side, we don't have any case in Tennessee which seems to reflect the defendant negligently without meaning to causes someone to fear violent force and is now guilty of this robbery offense. If the court sets aside the Witherspoon case, you're right. We do not have a specific case in Tennessee where they have addressed the intent element and held that intent was required as an element, but we are not required to point to a specific case, applying it to facts that are plainly encompassed by the controlling language of the statute or the controlling language of the Supreme Court's interpretations of the statute. It does have to be a realistic possibility. It can't just be some really sort of fanciful hypothetical and the statute apparently has been around for working on 200 years and courts often look to the case law as, do we ever have this fact pattern? I'm a little skeptical that Witherspoon is that fact pattern partly because of what Judge Blank said, there isn't one. When the language of the statute plainly encompasses the conduct that is broader than the force clause or when the state's Supreme Court's interpretations of that statute plainly encompass conduct that is broader than the use of force clause, that is sufficient to show the reasonable probability test. This court held that in the lower case, United States v. Lara, and it similarly applied that in a case United States v. Camp. The Fourth Circuit has also explicitly held that we can turn to the interpretations by the state's highest court when that plainly encompasses the conduct. What's your best case from Tennessee case law for establishing this reasonable person standard? You've kind of mentioned that a number of times and just so I don't have to sift back through everything. What's the best case that crystallizes that, that makes clear it's a reasonable person standard, a reasonable sort of victim standard, and if she would be reasonably in fear by what this person's doing, guilty of robbery by fear? I would point the court to Dotson, which is a 2008 Supreme Court case out of Tennessee, and that is where it sets out that the jury's task when looking at the fear element is to determine from all of the evidence whether the victim was placed in fear by the conduct of the defendant or should have been under the circumstances. I would also continue to point to the Witherspoon case, Your Honor. In that case, the guy stares her down for a period of time. A lot of information can be communicated by one's eyes and the jury could have found, I think that's what Judge Shanfter's reading, the jury could have found that he meant for her to feel physically, to feel threatened by violent force. But the jury was not required to find that he intended to threaten her. The jury was only required to find that it was reasonable for her to feel frightened under the circumstances. I'm struggling with how you thread the needle because Fraker and Johnson, cases that I'm familiar with, would have agreed that a defendant can violate the statute by employing only fear rather than physical violence. But the problem is those, if we're looking at Sixth Circuit law, were both unpublished decisions and they were followed by Mitchell. And Mitchell is published and then reaffirmed in Lester. So help me understand how what I might have thought would have been the law is the law in the Sixth Circuit now. I see my time is out. May I address? Of course. Go ahead. Your Honor, I would point the Court to the changes that came about with Alanis from the defendant. One of the things that Borden did is it not only told us that reckless conduct and negligent conduct doesn't qualify under the Use of Force Clause, but it gave us definitions for what knowing conduct is versus what reckless conduct is. And it emphasized this language that the actions of the defendant must be targeted against a person, against the person of another, and that requires a level of intentionality. And this case comes after Mitchell. The other thing that comes after Mitchell is Alanis, which... So I don't see the conflict between Borden and Mitchell. I think it's Borden in combination with Alanis because Alanis tells us, Alanis essentially looks to the language... Yeah, Alanis says no negligence, right? Correct, Your Honor. Which we already knew from Leocal, frankly, didn't we? Yes. That preceded... Well, Leocal was a use case as opposed to what constitutes a threat. The other thing that Alanis did is it was dealing with an instruction to the jury where the jury was required only to find that a reasonable person would have found the conduct of the defendant threatening, and the Supreme Court said that is imposing a negligent standard on the defendant. That's the same language that Tennessee uses in its robbery by fear statute, is that we're looking to whether the fear was reasonable and whether a reasonable person would have felt frightened. The same conclusion should be drawn. Okay, you'll have your rebuttal and we'll hear from the government. Good morning. Good morning. May it please the Court. My name is Luke McLaurin and I'm here on behalf of the United States. Mr. Bilzer's armed career criminal classification and sentence should be affirmed because his prior Tennessee robbery and aggravated burglary convictions qualify as armed career criminal act predicates under this Court's binding precedent. This case only concerns the Tennessee robbery convictions. The Court has already addressed Tennessee robbery in Mitchell, and in that case the Court found that Tennessee's robbery statute is divisible and that both variants of it have a knowing or intentional mens rea and qualify as violent felonies under the use of force clause. Would you concede that if the Tennessee statute encompasses robbery by reckless or negligent actions, then it would fall outside the scope of the ACCA and the guidelines? That's what Borden clarifies, that if you have actions that can be committed recklessly or negligently, they don't qualify under the use of force clause. That's the law under which Mitchell was operating. And Mitchell looked at the Tennessee law and said, no, this statute is a knowing or intentional offense, both variants of it qualify, and that holding remains binding. I apologize, Your Honor, I don't have the direct page number in front of me. I will note for the Court, the knowing or intentional holding in Mitchell came in its residual clause analysis, because at that time the residual clause required more than reckless conduct. I would also note at that time the use of force clause under this Court's jurisprudence required more than reckless conduct. And so our position is Mitchell already essentially addressed this very issue. But we're not just, I mean, Mitchell is binding on the Court, but Mitchell was also correct. I'm curious about the standard Tennessee jury instruction in these kinds of cases. Does it say you must find the defendant acted intentionally with regard to the putting in fear, not just the taking of the property? We don't, I would like to make a couple points about Tennessee jury instructions. We don't have sort of pattern instructions that have been blessed by the Tennessee Supreme Court. It's clear that unless you have such instructions, they carry no force of law. What we do have is a case of State v. Guy that specifically affirmed certain kinds of knowledge and intent instructions with regard to Tennessee robbery. The Tennessee Statutes, when they talk about knowledge and intent, they distinguish between knowledge with respect to the nature of one's conduct and knowledge with respect to the result of one's conduct. And in Guy, the Court said that in, basically affirmed the use of jury instructions that required the jury to find the defendant was knowing and intentional as to both the nature of his conduct and the result of his conduct. While this specific question of the mens rea as regard to the putting in fear and stuff like that was not directly at issue in Guy, we do think Guy's analysis suggests strongly that the knowing and intentional element applies to the putting in fear. Because if you have to be knowing or intentional as to the nature of your conduct, that means that you have to intend or know. No, I don't think so. Okay, okay. Well, at least not as that distinction usually. I mean, you know, there's a question, I mean, we dealt with this in the whole litany of cases that ended up with Borden. I mean, you know, there's your intent as to the action itself and then there's intent as to consequences. And sometimes we're totally intentional often in our action. And I think that's the nature of the action and the dichotomy you're talking about. But you might not intend a certain consequence. And so if they're saying you have to be, I just don't think the nature of the action encompasses the victim's fear, that's the consequence, not the action itself. Well, but you have to be knowledgeable as to both the nature and the result of the conduct. So you have to be, you know. The nature, let's just skip the nature part. The act itself is voluntary. Holmes said like every single offense boils down to a muscle contraction, you know. So the act of pulling my finger is voluntary. And the fact that the finger is on a trigger, then, you know, we can deduce that, okay, you meant for that consequence to that person you were pointing at as well. So, I mean, the nature of the act, intent doesn't seem to really help you much. Well, I think that you have to be aware of the consequence. You have to be aware, you have to be knowledgeable as to the result of the conduct. And here the result of the conduct is putting somebody in fear. So you have to know that your conduct is likely to put somebody in fear. Mr. Russ's point is that a reason, and Holmes actually wrote about this too, that the reasonable person standard does not, it's just a negligent standard. It doesn't require that the person who's causing the fear understand that it's substantially certain that the person is going to be fearful, which is a knowing test. So that person could be doing something kind of negligently but innocently in the sense of not meaning to cause the fear, and then they cause the fear. Well, I don't think we have any indication in the Tennessee case law that one can commit a robbery by negligently putting someone in fear. All the indication is to the contrary. I would begin with the language of the statute itself. The language says that it has to be the intentional or knowing theft of property by violence or putting in fear. That language suggests, I agree, it may not compel, but it certainly suggests that that intentionality or knowledge must also go to the method by which the theft is committed, and that makes sense because historically robbery was always distinguished from mere larceny by this very specific way in which it's committed, right? If you just intend to take from somebody and you just take from them, that's a larceny. If you take from them by violence or by putting them in fear, that's robbery, and the plain language of the statute seems to suggest that the knowing or intentional element applies to the method of the theft, and we would say to have that additional element and not have it be intentional. You could. I don't know why. I mean, you could have a theft and a robbery, and you could just say, well, yes, if you negligently put somebody in fear, that becomes a robbery. It wouldn't have to be intentional, right? You could have that, but we don't have. I would say we start with the language of the statute. The language suggests one thing, and we don't have any Tennessee case law that suggests that a different mens rea applies to the putting in fear or the violence elements. If anything, the Tennessee case law suggests to the contrary. I think I agree with your honor. But why aren't there cases either way, then? I don't, if, your friend on the other side makes a good point, I think. If this is an intent requirement, wouldn't defendants be saying, I didn't intend to do this part of it? And at least you'd have some cases that would come up and say, okay, that's wrong, or that's right, or, you know, whatever. I mean, I think the reason we don't have cases could also be because it's quite clear from the language of the statute that you have to act knowingly and intentionally with regard to the putting in fear and violence. And so nobody has raised what they would think would be a loser of an argument. So that's another possible reason why we don't have cases. So I think the lack of cases doesn't necessarily support the defendant's side. Now, I wanted to address this issue about, well, we have some language in the Tennessee case law that suggests there's some sort of standard. Right. I think you need to. Suggests that there's a reasonable person standard and that the fear element is met if the, just based on whether the victim reasonably apprehends fear. So, yeah, please speak to that. Yes. I think you have to look at the Tennessee case law in context. The Tennessee courts are very clear that to show a robbery, you not only have to show the defendant's conduct, but you have to have to show that that defendant's conduct actually created fear in the victim. And so the test of the reasonable person test that they use is to get solely at that question of did this conduct actually result in fear? And that's what was at issue in Witherspoon and Sloan. That the court there didn't say, hey, we're trying to address the mens rea of the defendant. We're trying to simply address did this conduct of the defendant actually achieve what he intended? Did it actually put the defendant in fear? And that's where that standard comes in. So it's coming in for a different purpose. And we don't think that the court should then read that as, as you pointed out, Judge Kethledge. I mean, Witherspoon isn't saying that it's trying to apply that standard to determine the defendant's intent. And all the language about, in the Tennessee cases, about how this fear element works talks about it being a fear that is designed to intimidate and promote submission to the theft. Yeah, so it sounds like maybe the elements here, if we kind of enumerate them, first you need to have an intentional theft, right? You actually snatched the purse out of the back of the car in Witherspoon. Intentional theft, intentional action to create fear or knowing action, knowing would probably. Knowing would be sufficient as well. And then the defendant, in fact, feels fear. I'm sorry, the victim. Yes. It seems like, I thought that's what you were saying. You're saying, hey, this reasonable person stuff just goes to whether, it's like a separate element about whether this consequence happened. The person actually was scared or should have been scared. Yes, exactly. And that's the only clarification I was going to make, is that the Tennessee case law has indeed clarified it's not purely subjective. It's, I mean, whether the victim was actually put in fear. If they should have been put in fear by the defendant's actions, that's enough. But I think you've parsed out the statute correctly, Judge Kethledge. And I think that, I agree, we don't have a case directly on point that specifically says, look, there is a mens rea element with regard to the violence or putting in fear. And I think the reason we don't have that is because the language of the statute suggests that it applies to that element. And then we have all the other aspects of the case law describing robbery. Talk about that putting in fear as being a designed or knowing action, right? And again, that makes sense in the context of robbery offenses. Robbery has always been understood to be a particular kind of way in which you commit theft. Right, so it would be odd if you could commit robbery by being negligent  Like, that would be a very odd way to write a robbery statute and to prosecute robbery. And so, you intentionally commit theft by unintentionally causing someone to be scared. I mean, what that looks like in practice is kind of a little hard to see. I would agree, Your Honor. And I think, But isn't it also an issue of recklessness? I mean, isn't that the problem that we have in this type of case? Is that most anyone who has been present at the scene of a taking could be seen to have been afraid. We've got all the bank robbery cases where you've got somebody who just comes in, maybe not even holding a weapon or pretending to hold a weapon, and says, Get down on the floor! And then the argument is, Well, everyone was frightened. They were put in fear. So, there's got to be something that really clarifies that distinction, or else every larceny is going to become a robbery. Your Honor, I think in the scenario you described, what you would have there is actually knowing conduct, at minimum, knowing conduct. Because if you go into a bank and you tell everybody to get on the ground, at that point you know that your conduct is likely going to result in the creation of fear. I mean, I don't think that's a scenario where we're dealing with reckless conduct. So, that's an intentional and non-reckless? It would at least be knowing. Yeah, it would be beyond reckless. And so, I guess the point that we're trying to make here is simply that Mitchell got it right when it was analyzing Tennessee law. Nothing about the cases that Mitchell looked at and nothing it said about them was wrong. And the things that they're pointing to don't conclusively show that Tennessee robbery can be committed by making negligent or reckless threats. There's simply no case where somebody's ever been convicted for doing that. The language that the Tennessee courts use to describe the mens rea element of the offense, again, suggests that that's not a possible way. They always talk about this fear element as being something that is designed to intimidate a particular defendant. They talk about the knowledge and intention mens rea of the statute as something that applies to both the nature of the conduct and the result of the conduct. And I agree, Judge Kefla, it's just not perhaps directly on point, but I think it does suggest that the Tennessee courts have interpreted this mens rea as applying to the putting in fear aspect. And so I think the question is when you have a statute that is clear on its face about what the mens rea is and you don't have any case law that suggests a different mens rea applies to this element and there's no actual cases where somebody has been convicted of negligently or recklessly threatening somebody, I don't know on what basis this court could find that there is a reasonable probability that somebody in Tennessee could ever be convicted of a robbery in that way. And we think in that scenario, I mean, you just have to follow the plain language of the statute. You have to follow the interpretation the Tennessee court has given. And in this case, we think the court should follow Mitchell because Mitchell has already conducted that analysis and nothing that it did was wrong. And there's no Supreme Court case that says that Mitchell is wrong that undermines its analysis in any way. And so I think this court should follow Mitchell, treat Mitchell as correct, and should affirm Mr. Belcher's sentence in this case. I mean, like Mitchell wasn't a case where we said, okay, you know, you can do this recklessly and that's good enough, right? I mean, if Mitchell said that, then Alanis or Borden in particular, perhaps by, you know, would probably invalidate that. But you're saying, you know, I need to find this, but we have it, so you don't have to send us a letter. You're saying Mitchell specifies that this is the intent as to the fear is knowing or intentional. Mitchell's not a case where the court sort of expressly or implicitly was saying reckless fear, reckless intent, or sorry, reckless mens rea is good enough. That's your position. Yeah, Mitchell never said reckless mens rea is good enough, and in fact, it said the exact opposite because it was operating at the time when both the use of force clause and the residual clause required more than just reckless conduct. And so. Yeah, it's been a while. So the residual required, okay, but, you know, we have to be really precise, you know, about intent as to the act, intent as to the consequence. So with the residual clause, it's just intent, you know, intentional as to the act that you're referring to, right? I mean, it wasn't the law that you had to intend, I don't know what it would be because it was just creating a risk. Well, to be honest, the law at that time regarding the residual clause was quite unclear. There were different Supreme Court opinions. It was this purposeful, violent, and aggressive standard, and I think the courts had interpreted that as whatever that meant. It required more than reckless conduct. The specific holding in Mitchell simply was that the offense has an intentional or knowing mens rea. I don't know, I don't think Mitchell drilled down as closely as to whether that mens rea applied to all the elements of the offense or just the theft element. So I'm not going to represent to the court that it did something it didn't do. But again, the language of the statute suggests that that mens rea applies to all the elements in it. The Tennessee case law doesn't suggest that there's a different mens rea element that applies to any offense, and in fact, suggests that the knowing or intentional mens rea applies. And there's been no Tennessee cases ever applying a different mens rea. Okay, any further questions? All right, thank you for your argument, Mr. McLaurin. We'll hear a rebuttal. Is this the case that has the wooden, this one has the wooden issue, right? Yes, it has the wooden issue, and it also has the unique exception to robbery that Tennessee has adopted, which is robbery by threats of falsely accusing an individual of sodomy. That popped up in the reply brief. Didn't really seem like that's on the table here. Your Honor, it's a direct response to the government's argument that Tennessee has directly incorporated the common law version of robbery, and that it's still today after the passage of the most recent language, statutory language, that it continues to interpret robbery in the context of common law robbery. And it... We don't have to belabor that, I mean, unless somebody's interested.  The Mitchell case, Your Honor, I think correctly sees or identified that what the intentionality that was discussed in Mitchell looks to the intentional threat, whether or not there was intentional conduct on the part of the defendant. It does not address the second aspect of it, which is whether the defendant intended the results of his conduct. Well, if you intended it to be a threat, then you're probably, you know, you have intent that the person feels fear of impending violent force. So it's one thing to intend to stand between the woman and, you know, the purse in the back of the car. It's another to do that and intend that she'd be scared that he's going to strike her. Yes, Your Honor, and I would direct the court to the Harrell case, which was noted in the 28J letter that I filed, which is a criminal appeals case from Tennessee, where they held that the only element of Tennessee robbery that requires specific intent is the taking element. The court held that intoxication could only negate the intent element and that the other elements of robbery did not require the specific intent. They were simply general intent crimes. And that can also be seen in the Guy case that the government is relying on. In that case, the Tennessee Supreme Court distinguished the difference between two types of knowing. There's knowing with respect to the circumstances and conduct surrounding what is happening versus knowing with respect to the results of one's conduct. And in Tennessee, the only time that it requires that when Tennessee defines knowingly with respect to the results of the individual's conduct, that is when it means that the person is aware that the results of the conduct are reasonably certain. Right. That's the standard definition. That is only with respect to the results of the individual's conduct. It is not with respect to the circumstances surrounding the conduct. And in Guy, the court said that robbery... Consequence, you know, that person's going to be afraid, so you're knowingly threatening them. And in Guy, the Tennessee court said that robbery is not a results-only offense. It is a knowledge with respect to the circumstances surrounding it. Just, I mean, really quick, I mean, because you're out of time, but super quick, what's the point of this wooden stuff now that we're getting all these letters about? I mean, like four-page, single-spaced letters, one after another. So, like, real quick, just fill it down to three sentences. Your Honor, Wooden has really changed what is happening. Right. We got zapped in that case. So, what is the upshot of Wooden's application here? Your Honor, Wooden, honestly, Your Honor, I would suggest that this is a complicated issue and that additional briefing would be appropriate in this case because this is being litigated around the country and in the Sixth Circuit. Well, I mean, he's got criminal judgments more, he's got at least three entered on different dates. The court's entering judgments on different dates, right? So, I mean, there's really no question here about whether it's the same occasion. The problem here is that this is a Sixth Amendment apprendee error, which requires a remand because the circumstances would be that the error itself would... Okay. No, I get it. I get it. When we look at... Does it matter that the court in Wooden expressly did not overturn Hennessey? No, Your Honor, it doesn't matter because when analysis in a Supreme Court case is directly applicable to a prior case... Even if the court says, we're not going to do that. The court didn't reach it. The court... It's not that... We're not reaching that, right? Yes, absolutely, Your Honor. The court said we are not... It wasn't argued in this case, we're not reaching it. You said there's no Sixth Amendment violation in Hennessey and the Supreme Court said we're not going to reach that issue. So, we're just back where we were, aren't we? What the Wooden decision did is it told us how fact-dependent this analysis is and that does call into question whether or not the Hennessey case remains accurate as to what the judge can consider, whether or not... But it was... Is it beyond... Is it your understanding that you go beyond the Shepard documents now and you look at all kinds of other things and therefore that's... I mean, the Supreme Court basically created a Sixth Amendment violation, like unwittingly? I mean, the issue was at the court. They talked about it at the argument. I mean, it was all over that case. Everybody was cognizant of it. So, I'm not sure where... Yes, Your Honor. ...what a remand would do. I think it does call into question the validity of Hennessey and I think it makes plain, it lays bare the factual problem in the Sixth Amendment problem with the on-occasion analysis. But Wooden would only do that if it narrowed the universe of things you could consider more narrow than what Hennessey did. Is that your argument? No, Your Honor. The argument is that because it is so fact-laden that it must be decided by a jury and that when determining whether the Armed Career Criminal Act applies, there's a hybrid test. No, I understand that. I'm just trying to figure out what's different and what part of Hennessey was called into question or is on the table now? In Hennessey, the court pointed to three specific facts that could be determined from the judgment, from the Shepard documents. That was the victim, the location, and the timing or the date of the offense. And what the Supreme Court did is it said, we're not just looking at those three things, we're looking at course of conduct, common scheme of plan. They broadened what type of facts are required to be considered when looking at the occasions different. And so I think the analysis in Wooden, the new test in Wooden calls into question whether or not Hennessey's holding remains valid. But that's saying that the Supreme Court created the Sixth Amendment problem by broadening. They made it happen, right? Because we were narrow, they broadened it, now they're violating the Sixth Amendment. Well, what the court, I understand the concern here. Okay, I don't want to make Mr. McLaurin too uncomfortable with this extended conversation that he can't respond to. So, just one procedural question. Can your client raise this in a 2255, this Wooden business, or would that be procedurally barred? No, Your Honor, I don't think it would be procedurally barred. If you think otherwise, let us know, all right? I don't mean to put you on the spot here, but this would seem, you know, this is something that was not raised in the district court at all, you know, right? No, it was absolutely raised, Your Honor. Yes, the Wooden, yes, argument was raised in the district court. All right, well, we'll sort this out. We thank you both for your very fine arguments today and in your briefs. The case will be submitted and the clerk may call the next case.